IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br><br>*Plaintiff,*<br><br>v.<br><br>BETSY DEVOS, in her capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants.* | Case No. 18-cv-07914<br><br>Hon. Andrea R. Wood |

**MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff the Board of Education of the City of Chicago ("CPS"), by its counsel, hereby moves for a preliminary injunction enjoining Defendants, Betsy DeVos (in her capacity as Secretary of the United States Department of Education) and the United States Department of Education (the "Department"), from disbursing $4 million in Magnet Schools Assistance Program ("MSAP") grant funds awarded to CPS for Fiscal Year 2018 to other jurisdictions pending final resolution of this case. In support hereof, Plaintiff states as follows:

1. Plaintiff's Complaint alleges that the Department of Education's abrupt decision to terminate certain Magnet Schools Assistance Program ("MSAP") grant funds awarded to CPS for FY 2018—without providing CPS with notice, a hearing, or sufficient factual or legal basis for the decision—was without observance of procedure required by law, arbitrary and capricious, and without statutory authority, all in violation of the Administrative Procedure Act. CPS seeks an Order declaring the Department's actions unlawful, setting aside the agency's determination, and

1

declaring that CPS remains eligible for the $4 million 2018 MSAP funding due to CPS for FY 2018 unless and until the Department terminates those funds using the procedures required by law. CPS further seeks an Order requiring the Department to continue funding CPS's MSAP grant to the same extent and in the same manner as the grant was previously funded before the Department's unlawful termination decision, and enjoining the Department from disbursing the $4 million in FY 2018 grant funds to other jurisdictions pending final resolution of this case.

2. Through this Motion, CPS seeks a preliminary injunction enjoining the Department from distributing the $4 million in FY 2018 MSAP grant funds to other jurisdictions pending the resolution of CPS's APA claims. This Motion is made on the grounds that CPS is likely to succeed on the merits of its claims, that it will suffer irreparable injury in the absence of relief, that the balance of equities weighs in favor of an injunction, and that a preliminary injunction would serve the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

3. As further described in detail in CPS's accompanying Memorandum in Support and supporting material, CPS is likely to succeed on the merits of its claims given the procedural and substantive failings of the Department's decision. The applicable statutes and regulations governing these grants require that before terminating grant funds, the Department must give a grantee notice of the alleged deficiencies, an opportunity for a hearing, and judicial review of an administrative decision. The Department ignored these procedural requirements in their entirety.

4. Moreover, CPS is likely to succeed on the merits of its claims because the Department's termination decision lacked substantive merit. The Department admitted that it revoked the funds without making any factual findings, and the perfunctory justification that the agency did provide was, on its face, arbitrary and capricious.

5. In addition, the Department's unlawful withholding of the grant funds and reallocation of the funds to other jurisdictions will irreparably harm CPS's ability to serve its students. The $4 million in MSAP funds were designated to fund math and science programs at three Chicago schools that service predominantly economically disadvantaged Hispanic and African-American CPS students. Without these grant funds, the STEM programs at the three Chicago schools will suffer, as will the students who participate in these programs. With the 2018-2019 school year quickly approaching the halfway mark, the opportunity for these students to receive the STEM-based education intended through the use of CPS's FY 2018 MSAP grant funds will soon be lost, and cannot be recovered in the future. In an effort to continue the STEM programs, CPS created a contingency budget that reallocated a limited amount of funds from other critical CPS educational programs. Of course, as a result of this reallocation of resources, other CPS education programs may be impacted. And even with these efforts, CPS will still fall far short of the $4 million in MSAP grant funds originally awarded by the Department.

6. The balance of equities also strongly favors an injunction. The STEM programs funded through CPS's MSAP grant made a vital contribution to predominantly Hispanic and African-American children in economically disadvantaged communities, and there is a strong public interest in addressing segregation across the city and gaps in achievement among students of color and low-income students. On the other side of the scale, any harm that the Department will suffer as a result of the injunction would be negligible.

WHEREFORE, for these reasons and those set out more fully in Plaintiff's supporting Memorandum of Law, Plaintiff respectfully requests that this Court enter a Preliminary Injunction enjoining Defendants from disbursing CPS's FY 2018 MSAP grant funds to other jurisdictions pending final resolution of this case.

Dated: December 3, 2018									Respectfully submitted,

												*/s/ John K. Theis*
Michael A. Warner, Jr.									Ronald S. Safer
Nicki B. Bazer										Kelly M. Warner
Jacqueline Wernz									John K. Theis
FRANCZEK RADELET									Patricia T. Mathy
300 S. Wacker Drive, Suite 3400							RILEY SAFER HOLMES & CANCILA LLP
Chicago, IL 60606									70 W. Madison Street, Suite 2900
*t* (312) 986-0300									Chicago, IL 60602
*f* (312) 986-9192									*t* (312) 471-8700
maw@franczek.com									*f* (312) 471-8701
nbb@franczek.com									rsafer@rshc-law.com
jfw@franczek.com									kwarner@rshc-law.com
												jtheis@ rshc-law.com
												pmathy@rshc-law.com

*Attorneys for Plaintiff The Board of Education of the City of Chicago*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2018, the undersigned, an attorney, served a copy of the foregoing Motion for a Preliminary Injunction via overnight FedEx, and provided a copy to a process server for hand delivery, to:

Betsy DeVos, in her official capacity as Secretary of the Department of Education
Office of the Secretary
400 Maryland Avenue, S.W.
Washington, D.C. 20202

U.S. Department of Education
400 Maryland Avenue, S.W.
Washington, D.C. 20202

Matthew Whitaker
United States Office of the Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

John R. Lausch, Jr.
US Attorney, Northern District of Illinois
219 S Dearborn
5th Floor
Chicago, IL 60604

*/s/ John K. Theis*