IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE BOARD OF EDUCATION OF THE CITY OF CHICAGO,<br><br>*Plaintiff,*<br><br>v.<br><br>BETSY DEVOS, in her capacity as Secretary of the United States Department of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants.* | Case No. 18-cv-7914<br><br>Hon. Andrea R. Wood |

**JOINT STATUS REPORT**

NOW COMES Plaintiff, the Board of Education of the City of Chicago ("CPS"), and Defendants, Secretary Betsy DeVos and the United States Department of Education (collectively, "Defendants"), and hereby submit their Joint Initial Status Report in accordance with this Court's standing order.

**1. Nature of the Case**

    A. <u>Attorneys of Record</u>

    For Plaintiff:

        Ronald S. Safer
        Kelly M. Warner
        John K. Theis
        RILEY SAFER HOLMES & CANCILA LLP
        70 W. Madison Street, Suite 2900
        Chicago, IL 60602
        (312) 471-8700

        Michael A. Warner, Jr.
        Nicki B. Bazer
        Jacqueline F. Wernz

Franczek P.C.
300 S. Wacker Drive, Suite 3400
Chicago, IL 60606
(312) 986-0300

For Defendants:

John R. Lausch, Jr.
United States Attorney

By: Patrick Johnson
Thomas Walsh
Assistant United States Attorney
219 Dearborn Street
Chicago, IL 60604
(312) 353-5327

B. Service

All parties have been served.

C. Basis for Federal Jurisdiction

This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §§1331 and 1346.

D. Nature of Claims

The Board brings this action seeking a declaration that the U.S. Department of Education's (DOE) termination of the FY 2018 MSAP grant funds, without complying with the procedural requirements mandated by federal law and without a valid substantive basis, was without observance of procedure required by law, arbitrary and capricious, and without statutory authority, all in violation of the Administrative Procedures Act (the "APA"). The Board further seeks an order setting aside the Department's unlawful termination of the grant funds, as well as other injunctive and declaratory relief.

E. Major Legal and Factual Issues

- Whether the Department's decision to withhold or terminate the Board's MSAP grant funds was arbitrary and capricious and lacked substantive merit.

- Whether the Department was obligated, pursuant to statutory and regulatory requirements, to provide notice and an opportunity for hearing or appeal to the Board prior to withholding or terminating the Board's MSAP grant funds.

**2. Mandatory Initial Discovery Pilot Project**

The parties have read and discussed the MIDP. The parties' responses to the MIDP requests would be due 30 days after the first pleading filed under Rule 12(a) in response to its complaint if the MIDP applies in this case. The parties do not currently have any objections or limitations to the MIDP requests.

**3. Case Plan**

A. <u>Pending Motions</u>

Currently pending before the Court are: (1) Plaintiff's Motion for a Preliminary Injunction, and (2) Defendants' Motion to Dismiss.

B. <u>Response to Complaint</u>

Defendants have responded to the Complaint by motion, arguing among other things that there has been no final agency action for APA purposes, that the decision is committed to agency discretion, and that the notice-and-hearing requirements cited by plaintiff do not apply in this case.

C. <u>Proposed Discovery Plan</u>

    i. *Type of Discovery Needed*

Plaintiffs will seek oral and written discovery. Defendants do not concede at this point that discovery will be appropriate in this APA case. The parties do not currently anticipate needing expert discovery.

    ii. *Electronically Stored Information (ESI)*

Discovery will encompass ESI. The parties do not currently anticipate any issues regarding the disclosure of ESI.

        iii.    *Privileged and Trial Preparation Materials*

The parties do not currently anticipate any issues regarding claims of privilege or protection of trial-preparation materials.

        iv.    *Completion of Fact Discovery*

The parties expect that fact discovery, if permitted, will be complete 120 days after the resolution of Defendants' motion to dismiss.

        v.    *Expert Discovery*

The parties currently do not contemplate expert discovery.

        vi.    *Changes to the FRCP or Local Rules*

The parties do not contemplate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or by the Local Rules.

        vii.    *Final Supplements to MIDP Responses*

The parties must supplement their MIDP responses, if applicable, within 210 days after the resolution of Defendants' motion to dismiss.

        viii.    *Dispositive Motions*

The parties must file any dispositive motions 180 days after the resolution of Defendants' motion to dismiss.

    D.  <u>Jury Demand</u>

There is no jury demand. Plaintiffs anticipate that a trial in this matter would last three days.

**4. Settlement**

Settlement discussions have occurred. Those discussions have stalled pending further action by the Department of Education. There is not agreement yet as to whether a settlement conference may be productive.

**5. Consent to Proceed Before a Magistrate Judge**

The parties have informed their respective clients about the possibility of proceeding before a Magistrate Judge. The parties do not unanimously consent to that procedure.

Dated: April 26, 2019                    Respectfully submitted,

                                         /s/ John K. Theis

Michael A. Warner, Jr.                   Ronald S. Safer
Nicki B. Bazer                           Kelly M. Warner
Jacqueline Wernz                         John K. Theis
FRANCZEK RADELET                         Patricia T. Mathy
300 S. Wacker Drive, Suite 3400          RILEY SAFER HOLMES & CANCILA LLP
Chicago, IL 60606                        70 W. Madison Street, Suite 2900
t (312) 986-0300                         Chicago, IL 60602
f (312) 986-9192                         t (312) 471-8700
maw@franczek.com                         f (312) 471-8701
nbb@franczek.com                         rsafer@rshc-law.com
jfw@franczek.com                         kwarner@rshc-law.com
                                         jtheis@rshc-law.com
                                         pmathy@rshc-law.com

***Attorneys for Plaintiff The Board of Education of the City of Chicago***

                                         JOHN R. LAUSCH, Jr.
                                         United States Attorney

                                         By: s/ Patrick Johnson
                                             PATRICK W. JOHNSON
                                             Assistant United States Attorney
                                             219 South Dearborn Street
                                             Chicago, Illinois 60604
                                             (312) 353-5327
                                             patrick.johnson2@usdoj.gov

***Attorneys for Department of Education***